**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

ANDRE G. BOUCHARD
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: August 15, 2018
Date Decided: September 19, 2018

David J. Teklits, Esquire
Richard Li, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19899

Michael A. Pittenger, Esquire
Jacqueline A. Rogers, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19899

RE:   *David Schultz, et al. v. QuantPower, Inc., et al.*
       Civil Action No. 12919-CB

Dear Counsel:

At the conclusion of the hearing held on August 15, 2018, the court denied plaintiffs' motion to dismiss QuantPower, Inc.'s counterclaims against them and took under advisement the parties' cross-motions for partial summary judgment. For the reasons explained briefly below, the cross-motions for partial summary judgment also will be denied.

The cross-motions for partial summary judgment concern Counts I and II of plaintiffs' three-count Verified Complaint and Petition for Appraisal filed on November 18, 2016. Although styled as a single claim, Count I asserts essentially three separate claims arising out of QuantPower's acquisition of Banyan Energy, Inc. in a merger transaction that closed in August 2016 (the "Merger"): (i) a claim for breach of fiduciary duty against the three members of Banyan's board of

directors; (ii) a claim for breach of fiduciary duty against Acero Capital, L.P. as Banyan's controlling stockholder; and (iii) a claim for aiding and abetting against QuantPower. Count II asserts a claim for unjust enrichment against QuantPower and Acero relating to the Merger.

On May 10, 2018, plaintiffs moved for partial summary judgment in their favor on Count I. On June 25, 2018, defendants cross-moved for partial summary judgment in their favor on Counts I and II. Count III of plaintiffs' complaint, which is not the subject of either of the pending motions, seeks an appraisal of their Banyan shares under 8 *Del. C.* § 262.

In simplified terms, the Merger was a stock-for-stock transaction in which each outstanding share of Banyan common stock was converted into the right to receive approximately .075 shares of QuantPower common stock. Banyan and QuantPower are both private corporations. As a condition of the Merger, QuantPower was to acquire, as of consummation of the Merger, certain assets and liabilities of another company called SmartTrak Solar.[1] QuantPower also anticipated completing a Series A preferred stock financing with Acero and certain other investors (the "Series A offering") concurrently with the Merger.[2]

---

[1] Pls.' Opening Br. Ex. A at 8 (Dkt. 68).

[2] *Id.* at 11.

2

In advance of the Merger, plaintiffs received an Information Statement from Banyan. It stated, in relevant part: "In order to receive Merger Consideration . . . you must review and sign the Stockholder Agreement in the form attached as Annex A-3 to this Information Statement . . . , which entails your representation that you are an 'accredited investor' as defined in Rule 501(a) of the Securities Act of 1933 . . . ."[3] Notwithstanding this statement, the attached form of Stockholder Agreement provided an option for the stockholder to check a box indicating that he was not an accredited investor[4] and other documents in the record indicate that Banyan informed plaintiffs before the Merger closed that they could receive the Merger consideration, apparently without regard to whether or not they were accredited investors.[5]

Plaintiffs assert that Banyan's directors breached their fiduciary duties of care and loyalty by structuring the Merger in a way that prevented them from receiving the consideration offered in the Merger, *i.e.*, shares of QuantPower. Relying on the text of the Information Statement quoted above, plaintiffs contend that because they are not accredited investors, they could not receive shares of QuantPower under federal securities laws. In other words, the director defendants'

---

[3] *Id.* at 2.

[4] Pls.' Opening Br. Ex. B at PLS00014541.

[5] *See* Transmittal Aff. of Jacqueline A. Rogers Exs. 5, 12 (Dkt. 72).

alleged breach of duty resulted from their failure to ensure that the consideration offered to plaintiffs in the Merger complied with federal securities laws.

As a remedy for this alleged breach of duty, plaintiffs seek damages equivalent to the value of the QuantPower shares that were offered in the Merger based on a disclosure in the Information Statement concerning the pre-money value of QuantPower implied by the proposed terms of the Series A offering.[6] This amount would include elements of value attributable to the combination of Banyan and SmartTrak Solar (*e.g.*, synergies) that was a condition of the Merger. In other words, this amount would exceed the value of plaintiffs' shares of Banyan under the appraisal statute, which requires that the court "determine the fair value of the shares exclusive of any element of value arising from the accomplishment or expectation of the merger."[7]

In response, defendants contend that plaintiffs could have received shares of QuantPower in connection with the Merger under the private placement exemption of Section 4(a)(2) of the Securities Act of 1933. Defendants further contend that a Banyan stockholder's status as an accredited investor was relevant to whether that person could participate in the Series A offering, but was irrelevant to whether that

---

[6] *See* Pls.' Opening Br. Ex. A at 11.

[7] 8 *Del. C.* § 262(h).

person could receive the Merger consideration.  Finally, defendants dispute that the Information Statement purports to value Banyan.

Having further considered the parties' submissions and the arguments made during the August 15 hearing, I am denying the cross-motions for partial summary judgment for essentially two reasons.  First, genuine issues of material fact exist concerning matters central to deciding the motions.  For example, with respect to plaintiffs' breach of fiduciary duty claim against Banyan's directors:

- The record is devoid of evidence concerning the deliberative process the directors undertook in structuring and approving the Merger.[8]  None of the directors has been deposed and no evidence has been provided concerning, among other things, their understanding as to whether structuring the Merger as an exchange of shares of Banyan for shares of QuantPower was permissible under federal securities laws.  A factual record on these issues is necessary to adjudicate plaintiffs' assertion that the directors acted in bad faith and breached their duty of loyalty.

- It is unclear from the record whether Banyan's certificate of incorporation contains a provision exculpating its directors for

---

[8] Instead of addressing this issue, the parties focused their briefs on whether offering QuantPower shares as the Merger consideration complied with federal securities laws. The answer to that question of federal law, however, does not answer the Delaware law question whether Banyan's directors acted in bad faith. *See, e.g.*, *Nguyen v. Barrett*, 2016 WL 5404095, at *3 (Del. Ch. Sept. 28, 2016) ("A showing of bad faith requires an extreme set of facts to establish that disinterested directors were intentionally disregarding their duties or that the decision . . . [was] so far beyond the bounds of reasonable judgment that it seems essentially inexplicable on any ground other than bad faith.") (internal quotations and citation omitted).

monetary damages for breaches of the duty of care.[9] The existence of such a common provision would be dispositive of plaintiffs' duty of care claim.

- Plaintiffs' theory of damages is extrapolated from a disclosure concerning the post-Merger, pre-money value of QuantPower derived from the pricing of the Series A offering. It is not apparent to the court that this disclosure provides a reliable measure of damages for a breach of the directors' fiduciary duty, if proven, and defendants dispute that this disclosure represents the pre-Merger value of Banyan.

Second, the remaining claims implicated by the parties' cross-motions for partial summary judgment have not been briefed adequately. In particular, plaintiffs' (i) breach of fiduciary duty claim against Acero as Banyan's controlling stockholder, (ii) aiding and abetting claim against QuantPower, and (iii) unjust enrichment claim against both Acero and QuantPower are barely mentioned much less analyzed in any meaningful sense in the parties' briefs so as to fairly present those issues for decision.

For the foregoing reasons, the parties' cross-motions for partial summary judgment are denied. IT IS SO ORDERED.

Sincerely,

*/s/ Andre G. Bouchard*

Chancellor

AGB/gm

---

[9] When asked, defense counsel was unable to confirm whether or not Banyan's certificate of incorporation contains such a provision. Tr. 47 (Aug. 15, 2018) (Dkt. 84).